UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

MICHAEL JEROME PARKER,

     Petitioner,

V.

C. GOMEZ, Warden,

     Respondent.

Civil Action No. 6: 20-186-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Michael Jerome Parker is a federal inmate currently confined at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky.  Proceeding without counsel, Parker has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  [R. 1] However, Parker has not paid the $5.00 filing fee required by 28 U.S.C. § 1914, nor did he move for leave to proceed *in forma pauperis* or submit a copy of a BP-199 Form showing that payment of the filing fee has been requested.  Thus, denial of Parker's petition is warranted on these grounds alone.

Even so, the Court has reviewed the merits of Parker's petition and finds that dismissal is warranted because he may not bring his claims for relief in a § 2241 petition.  The Court is required to conduct an initial screening of § 2241 habeas petitions by 28 U.S.C. § 2243.  *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).  A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  *See also Alexander*, 419 F. App'x at 545

(applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

**I.**

In November 2010, pursuant to a plea agreement with the United States, Parker pled guilty in the United States District Court for the Eastern District of Virginia to conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. §§ 1951(a) and 2 (Count One) and using and discharging a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count Three).  In March 2011, Parker was sentenced to a term of imprisonment of 188 months on Count One and 120 months on Count Three, to run consecutively to each other, for a total term of imprisonment of 308 months.  *United States v. Michael Jerome Parker*, No. 4:10-cr-082-RBS-TEM-1 (E.D. Va. 2010).

Parker filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in July 2016, seeking relief in light of the United States Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015), which was denied in June 2017, as Parker did not receive an enhanced sentence under the Armed Career Criminal Act ("ACCA"), which was at issue in *Johnson*.  *Id*. at R. 52.  Parker's appeal of the District Court's denial of his § 2255 motion was denied by the United States Court of Appeals for the Fourth Circuit.  *Id*. at R. 64.  Parker has since filed multiple requests for authorization to file a second or successive application for relief under § 2255 (including seeking permission to request relief in light of *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019) and *United States v. Davis*, 139 S.Ct. 782 (2019)), which have all been denied by the Fourth Circuit.  *Id*. at R. 72, 76, 93.  *See also In re: Michael Parker*, No. 20-278 (4th Cir. Jun 17, 2020); *In re: Michael Parker*, No. 20-129 (4th Cir. Feb. 20, 2020); *In re: Michael Parker*, No. 19-404 (4th Cir. Dec. 9, 2019); *In re: Michael Parker*, No. 19-251 (4th Cir. Jul 15, 2019).

In his § 2241 petition filed in this Court, Parker challenges his § 924(c) conviction on the grounds that his conspiracy to commit Hobbs Act robbery conviction no longer qualifies as a "crime of violence" to support his § 924(c) conviction. Specifically, Parker claims he is entitled to relief in light of the United States Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), and the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019), *cert. denied,* 140 S. Ct. 304, 205 L. Ed. 2d 196 (2019). However, the Court must deny relief because Parker's claims are not cognizable in this § 2241 habeas corpus proceeding.

## II.

While a federal prisoner may challenge the legality of his convictions and sentence in a motion filed pursuant to 28 U.S.C. § 2255 with the sentencing court, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). A § 2241 petition is typically only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). A habeas corpus petition under 28 U.S.C. § 2241 may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was

denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016).

However, "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019). In addition, the Sixth Circuit has made it clear that the retroactive case of statutory interpretation on which the petitioner relies must be a United States Supreme Court decision, not a decision from a United States Court of Appeals. *See Hill*, 836 F.3d at 600 (limiting its decision to cases involving "a subsequent, retroactive change in statutory interpretation by the Supreme Court"); *see also Hueso v. Barnhart*, 948 F.3d 324 (6th Cir. 2020) (holding that a prisoner may not seek habeas relief under § 2241 based solely on a federal circuit court case; rather, the retroactive case of statutory interpretation on which the prisoner relies must come from the Supreme Court).

Parker does not meet these requirements. First, Parker does not rely on a retroactive change in statutory interpretation by the Supreme Court that is applicable to his case, as is required to

proceed with his claim in a § 2241 petition via the savings clause of § 2255(e). *See Hill*, 836 F.3d at 600; *Hueso*, 948 F.3d at 326. Parker partially relies on the Supreme Court's decision in *United States v. Davis*, 139 S.Ct. 2319 (2019), holding that the "residual clause" set forth in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. However, *Davis* is a case of constitutional – not statutory – interpretation. Accordingly, it must be asserted (if at all) in a petition filed pursuant to 28 U.S.C. § 2255(h)(2). *Welch v. United States*, __ U.S. __, 136 S. Ct. 1257 (2016); *In re Watkins*, 810 F. 3d 375, 377 (6th Cir. 2015). Because a claim based on a new rule of constitutional law may be asserted in a second or successive motion certified under § 2255(h)(2), that remedy is not structurally "inadequate and ineffective" to test the legality of his detention, rendering resort to § 2241 impermissible. *Truss*, 115 F. App'x at 773-74; *McDowell v. Warden, FCC Medium Parkerman*, 694 F. App'x 692, 693-94 (11th Cir. 2017).

Parker also seeks relief based on the Fourth Circuit's decision in *United States v. Simms*, 914 F.3d 229, 232 (4th Cir. 2019). However, *Simms* is not a Supreme Court decision. In *Hueso*, the Sixth Circuit made clear that "[i]n addition to whatever else our reasonable-opportunity standard demands, it requires a *Supreme Court* decision that adopts a new interpretation of a statute after the completion of the initial § 2255 proceedings." *Hueso*, 948 F.3d at 333 (emphasis added).

Nor has Parker "shown that anything prevented or foreclosed him from making his argument at his sentencing, on direct appeal…, or in an initial § 2255 motion." *Wright*, 939 F.3d at 706. In fact, Parker's requests to seek relief based on *Davis* and *Simms* have repeatedly been rejected by the Fourth Circuit. This rejection does not mean that § 2255 was "inadequate or ineffective" to test his sentence. *Wright*, 939 F.3d at 706. Because Parker cannot show "he had no prior reasonable opportunity to bring his argument for relief," *id*. at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706.

5

For all of these reasons, Parker may not utilize the "savings clause" of § 2255(e) to challenge his conviction in this § 2241 proceeding.  Thus, his petition will be denied.

Accordingly, it is hereby **ORDERED** as follows:

1.     Parker's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is

       **DENIED**.

2.     This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.     A corresponding Judgment will be entered this date.

Dated September 22, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

6